## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **5:25-cv-02301-DTB**                          Date: **November 17, 2025**

Title:  **Andrew Davalos v. OAM Solutions**
========================================================

## DOCKET ENTRY
========================================================

PRESENT:

### HON. DAVID T. BRISTOW, MAGISTRATE JUDGE

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT(S):

None present                                  None present

## PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE

On October 28, 2025, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause as to why this action should not be dismissed for failure to file Proof of Service.  On October 31, 2025, Plaintiff filed his response to the OSC ("Response").  In his Response, Plaintiff advised the Court that due to an error with Plaintiff's calendaring software, Plaintiff was not made aware that the Proof of Service has not been filed.  (Response at 1).  Plaintiff further informed the Court that he "will subsequently file its Proof of Service pursuant to the Order of this Court." (Response at 2).

As of this date, Plaintiff has failed to file the Proof of Service, despite informing the Court he will do so.

As previously advised, pursuant to Central District of California Local Rule 4-6, Plaintiff **must** file a proof of service within 14 days of service of the Summons and Complaint.  Failure to file a proof of service timely may result in the imposition of sanctions against the Plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service.  Without a proof of service on the docket, the Court is disinclined to consider the Stipulation.

Accordingly, the Court, on its own motion, again orders Plaintiff to show cause in writing **no later than two days from the date of this Order** why this action should not be dismissed for lack of prosecution as to the Defendant.

It is Plaintiff's responsibility to respond promptly to all Orders and to prosecute

MINUTES FORM 11                                  Initials of Deputy Clerk _RAM_
CIVIL-GEN

the action diligently, including filing proofs of service and stipulations extending time to respond.  If necessary, Plaintiff must also pursue Rule 55 remedies promptly upon the default of Defendant.  All stipulations affecting the progress of the case must be approved by this Court.  <u>See</u> L.R. 7-1.

No oral argument of this matter will be heard unless ordered by the Court.  The Order will stand submitted upon the filing of a written response.

**Plaintiff is again expressly warned that failure to timely file a response to this Order *will* result in this action being dismissed without prejudice as to Defendant for failure to prosecute and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**